**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )

                                   )

                                   )     **Crim. ID No. 1311014669**

v.                        )

                                 )     **Cr. A. Nos. PN14-03-0802W, etc.**

                                   )

**COREY M. HARRELL**      )

Submitted: May 2, 2016
Decided: May 4, 2016

## ORDER DENYING DEFENDANT'S MOTION
## FOR APPOINTMENT OF COUNSEL

This 4th day of May, 2016, upon consideration of the Defendant's Motion for Appointment of Counsel (D.I. 113) and the record in this matter, it appears to the Court that:

(1)    On March 13, 2015, Defendant Corey M. Harrell pleaded guilty to Murder Second Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[1] He did so in exchange for reduction of the original first degree murder charge and a favorable joint sentencing recommendation.[2]

---

[1]    Plea Agreement and TIS Guilty Plea Form, *State v. Corey M. Harrell*, ID No. 1311014669 (Del. Super. Ct. Mar. 13, 2015); DEL. CODE ANN. tit. 11, § 635 (2013) (murder in the second degree is a class A felony); *id.* at § 1447A (PFDCF is a class B felony).

[2]    Plea Agreement, at 1 ("State and Defense agree to recommend not less than 32 years a [sic] LV, and no more than 36 years at Level V, combined.").

Following a pre-sentence investigation, Harrell was sentenced on August 21, 2015, to serve: (1) for Murder Second Degree – 40 years imprisonment suspended after 30 years for diminishing levels of supervision; and (2) for PFDCF – four years imprisonment.[3] Harrell filed no direct appeal from his convictions or sentence.

(2)    Harrell has now filed the instant "Motion for Appointment of Counsel" asking that the Court appoint counsel pursuant to Rule 61(e) "for 'good cause shown.'"[4] This application is presumably made in anticipation of a potential postconviction motion.[5]    And so, the Court has engaged in the preliminary consideration of the application required under Superior Court Criminal Rule 61(d). The Court finds that, consistent with Rule 61(e)(2), Harrell's stand-alone request for appointment of counsel should be denied.

---

[3]    Sentencing Order, *State v. Corey M. Harrell*, ID No. 1311014669 (Del. Super. Ct. Aug. 21, 2015).

[4]    Def. Mot. to Appt. Counsel, at 1-2. Harrell refers to the abandoned standard for appointment of counsel under previous Criminal Rule 61(e)(1). *See, e.g.*, Super. Ct. Crim. R. 61(e)(1) (2012) ("Appointment of Counsel -- *Order of Appointment.* The court will appoint counsel for an indigent movant only in the exercise of discretion and for good cause shown, but not otherwise."). The Court must use the Rule 61 standards for appointment of counsel that apply to all "postconviction motions filed on or after" June 4, 2014. *See* Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. Ct. June 4, 2014). ("This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."); *see also Jones v. State*, 2015 WL 6746873, at *1 n.4 (Del. Nov. 4, 2015) (noting that the "the new Rule 61 applies to all 'postconviction motions filed on or after' June 4, 2014).

[5]    Def. Mot. to Appt. Counsel, at 2 (motion seeks "an order for 'appointment of counsel' to assist this petitioner in the preparation and filing of his rule 61 motion for post conviction relief").

(3)     Rule 61(e)(2) expressly provides that, for an inmate like Harrell, the Court "***may*** appoint counsel for an indigent movant's first timely postconviction motion ***and*** request for appointment of counsel."[6]   Accordingly, for Harrell's request for appointment of counsel to even be considered, it must accompany an extant first and timely postconviction motion.  Harrell has filed no such motion.  Thus, his request for counsel does not substantially comply with the requirements of Rule 61(e)(2).

(4)     Superior Court Criminal Rule 61(e)(2) further provides that, for an inmate like Harrell, the Court *may* appoint counsel "*only* if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere;[7] (iii) granting the motion would

---

[6]     Super. Ct. Crim. R. 61(e)(2) (emphasis added).

[7]     Under Rule 61(e)(2)(ii), "a substantial claim that the movant received ineffective assistance of counsel" is one which the movant has demonstrated "has some merit." *See, e.g., Martinez v. Ryan*, 566 U.S. 1, __, 132 S. Ct. 1309, 1318 (2012) (articulating the standard for overcoming a procedural default and obtaining federal review of an ineffective-assistance-of-counsel claim: "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit").

result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."[8] Harrell's request for counsel, if made in conjunction with an extant first and timely postconviction motion, must address each of these criteria.

**NOW, THEREFORE, IT IS ORDERED** that Harrell's Motion for Appointment of Counsel is **DENIED**.

_____
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: Danielle J. Brennan, Deputy Attorney General
    Mr. Corey M. Harrell, *pro se*

---

[8]     Super. Ct. Crim. R. 61(e)(2) (emphasis added).